**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **SANDRA L. GOOD,** | : | **CIVIL ACTION NO. 1:06-CV-1736** |
| | : | |
| **Plaintiff** | : | **(Judge Conner)** |
| | : | |
| **v.** | : | |
| | : | |
| **JOHN TRISH, et al.,** | : | |
| | : | |
| **Defendants** | : | |

## ORDER

AND NOW, this 22nd day of February, 2007, upon consideration of *pro se*
plaintiff's motion (Doc. 20) to compel defendants' counsel to withdraw from
representation of some or all of the fourteen defendants because of an alleged
conflict of interest, and it appearing that plaintiff may have standing to assert a
conflict of interest, see Pa. Water Works Supply Co. v. Bucks County Bank & Trust
Co., Civ. A. No. 91-2814, 1991 WL 161473, at *2 (E.D. Pa. 1991) ("[C]ourts allow the
opposing party to raise conflicts of interest of counsel, because of the need to
uphold the integrity of the judicial process, and because the court, charged with the
responsibility of supervising the bar, has the authority, in any event, to raise ethical
questions *sua sponte*."), but see Shire Laboratories, Inc. v. Nostrum
Pharmaceuticals, Inc., Civ. A. No. 03-4436, 2006 WL 2129482, at *4 (D.N.J. 2006)
(holding that "a party does not have standing to bring a Motion to Disqualify based
on a material conflict of interest unless the party is either a former or current
client"), but that no concurrent conflict of interest exists in the instant case, see

MODEL RULES OF PROF'L RESPONSIBILITY R. 1.7, it is hereby ORDERED that

plaintiff's motion (Doc. 20) to compel defendants' counsel to withdraw is DENIED.


  S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge