## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **SANDRA L. GOOD,** | : | **CIVIL ACTION NO. 1:06-CV-1736** |
| | : | |
| **Plaintiff** | : | **(Judge Conner)** |
| | : | |
| **v.** | : | |
| | : | |
| **JOHN TRISH, et al.,** | : | |
| | : | |
| **Defendants** | : | |

## <u>MEMORANDUM</u>

*Pro se* plaintiff Sandra L. Good ("Good") brings this civil rights action pursuant to 42 U.S.C. § 1983, alleging violations of her Fourteenth Amendment rights to due process and equal protection. Presently before the court are: (1) the motion to dismiss (Doc. 12), filed by defendants Jeffrey T. Haste, Dominic DiFrancesco, II, and George P. Harwick, III (collectively "County Commissioner defendants"), and (2) the motion to dismiss (Doc. 14), filed by defendants John Trish, Sylvia Stoner, Thomas F. Acri, Michael G. Musser, II, Michael J. Kovach, Stephen J. Shaver, MaryJo Szada, Jeffrey L. Wright, Michael K. Albert, Lisa M. Wiedeman-Krosnar, and Dennis C. Heefner (collectively "Borough defendants"). For the reasons that follow, the motions to dismiss will be granted with the exception of that portion of the Borough defendants' motion regarding the equal protection claim against defendant John Trish in his individual capacity. Good will be granted leave to file a second amended complaint.

I.    **Statement of Facts**[1]

Good owns a residence located in Steelton Borough, Dauphin County,
Pennsylvania.  (Doc. 6 ¶ 1.)  The dispute in this case centers around the efforts of
the Steelton Borough Code Enforcement Office to bring Good's property into
compliance with local ordinances.  Such efforts began on July 11, 2006, when
defendant John Trish ("Trish"), a property maintenance officer for Steelton
Borough, sent Good a letter informing her that her sidewalk was in "disrepair" and
violated "the provisions of the 2003 International Property Maintenance Code
and/or Borough of Steelton's Codified Ordinances."  (Id. ¶ 3; Doc. 6, Ex. A.)  The
letter stated that Good must repair her sidewalk by August 12, 2006 or face a
citation.  (Doc. 6, Ex. A.)  The letter further informed Good of her right to request a
hearing regarding the alleged violation by filing a written petition within ten days of
the letter's receipt.[2]  (Id.)

---

[1] In accordance with the standard of review for a motion to dismiss, the court
will present the facts as alleged in the complaint and in the public records provided
by defendants.  See infra Part II.  The statements contained herein reflect neither
the findings of the trier of fact nor the opinion of the court as to the reasonableness
of the parties' allegations.

[2] With respect to Good's right to a hearing, the July 11, 2006 letter states:

It is your right to request and be granted a hearing on this matter before the
Code Hearing Board provided that you file in the Borough Code Office a
written petition requesting such a hearing and containing a statement of the
grounds therefore within ten (10) days after the notice is served.

(Doc. 6, Ex. A.)

2

Noting no visible deficiencies in her sidewalk, Good contacted Trish and asked to view the standards governing sidewalk maintenance. (Doc. 6 ¶ 3.)  In response, Trish informed Good that her brick sidewalk would need to be replaced with concrete to comply with the ordinance.  (Id. ¶ 4.)  Recognizing that a complete replacement of the sidewalk was necessary, Trish granted Good an extension of time in which to complete the project until September 12, 2006.[3]  (Doc. 6, Ex. B.) Good then commenced the sidewalk project.  (Doc. 6 ¶ 5.)

While Good's sidewalk project was in progress, defendant Dennis C. Heefner ("Heefner"), a member of the Steelton Borough Council, contacted Good by telephone regarding the potential safety hazard posed by the construction project and suggested that she place caution tape around the work site.  (Id. ¶ 5.)  Good immediately complied.  (Id. ¶ 6.)  Shortly thereafter, defendant Sylvia Stoner ("Stoner"), a code officer for Steelton Borough, contacted Good by telephone at the request of defendant Michael G. Musser, II ("Musser"), the Steelton Borough Secretary/Treasurer.  Stoner advised Good to remove the caution tape because it was creating a safety hazard for schoolchildren who were forced to walk in the street to pass her home.  (Id. ¶ 7.)

---

[3] Good later requested an additional extension of time in which to complete the sidewalk project, which the Borough allegedly denied. (Doc. 6 ¶ 10.)  The Borough counters that it granted Good's request, providing her until November 30, 2006 to complete the sidewalk project.  (Doc. 15 at 5 n.2.)

Good gradually became aware that no other sidewalk replacement projects were being conducted on properties in Steelton Borough.[4]  (<u>Id.</u> ¶ 8.)  She alleges that at least nine properties in her immediate neighborhood, and perhaps 100 more in the entire borough, have brick sidewalks that are in a state of "disrepair."  (<u>Id.</u>)  Yet, none of these property owners were directed to comply with a September deadline for sidewalk replacement.  (<u>Id.</u>)  Having noted these differences in treatment, Good twice contacted the County Commissioner defendants to complain about the code enforcement actions taken by Steelton Borough officials.  Good received no response.[5]  (<u>Id.</u> ¶ 9.)

At some point, Good abandoned work on the sidewalk project.  Good now alleges that she is "burdened with a work site that cannot be safely maintained, stacks of debris in her yard, and a mandatory project which cannot be timely completed, and which must ultimately result in fines, citations and homeowners insurance problems."  (<u>Id.</u> ¶¶ 10-11.)  Good asks the court to order defendants to clean up the work site and construct a sidewalk that meets borough standards at their own expense.  (<u>Id.</u> ¶ 12.)

---

[4]  The Borough disputes this contention, claiming that at least four property owners on Good's block have been notified about deficiencies in their sidewalks. (Doc. 15 at 5 n.1.)

[5]  Good alleges that the County Commissioner defendants are the supervisors of the Borough defendants.  (Doc. 6 ¶ 2.)  The County Commissioner defendants dispute this contention.  (Doc. 13 at 5.)

On September 5, 2006, Good initiated the instant action, alleging that

defendants violated her Fourteenth Amendment rights by:  (1) depriving her of

property without due process, and (2) holding her to different standards of

"adherence to statutes and ordinances" than her neighbors.  (Doc. 1; Doc. 6.)  On

November 20, 2006, defendants filed the instant motions to dismiss, alleging that

Good's complaint fails to state cognizable Fourteenth Amendment claims against

them.  (Docs. 12, 14.)  The motions have been fully briefed and are ripe for

disposition.

## II.    <u>Standard of Review</u>

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of claims

that fail to assert a basis upon which relief can be granted.  FED. R. CIV. P. 12(b)(6).

In the context of a motion to dismiss under Rule 12(b)(6), the court must accept as

true all of the factual allegations in the complaint and all reasonable inferences that

can be drawn therefrom.  <u>Langford v. City of Atlantic City</u>, 235 F.3d 845, 847 (3d

Cir. 2000) (citing <u>Nami v. Fauver</u>, 82 F.3d 63, 65 (3d Cir. 1996)).  Although the court

is generally limited in its review to the face of the complaint, it "may also consider

matters of public record, orders, exhibits attached to the complaint and items

appearing in the record of the case."  <u>Oshiver v. Levin, Fishbein, Sedran & Berman</u>,

38 F.3d 1380, 1384 n.2 (3d Cir. 1994); <u>see also</u> <u>In re Burlington Coat Factory Sec.</u>

<u>Litig.</u>, 114 F.3d 1410, 1426 (3d Cir. 1997).

Federal notice pleading rules do not require plaintiffs to allege affirmatively

every aspect of their claims, but only to present sufficient facts to allow the

opposing party to conduct discovery and prepare a defense.  See FED. R. CIV. P. 8(a)

(stating that the complaint should include "a short and plain statement of the claim

showing that the pleader is entitled to relief"); see also Conley v. Gibson, 355 U.S.

41, 45-46 (1957).  Thus, courts should not dismiss a complaint for failure to state a

claim unless "it appears beyond doubt that the plaintiff can prove no set of facts in

support of his claim which would entitle him to relief."  Id.; see Swierkiewicz v.

Sorema N.A., 534 U.S. 506, 514 (2002).  Under this liberal pleading policy, courts

should generally grant plaintiffs leave to amend their claims before dismissing a

complaint that is merely deficient.  See Grayson v. Mayview State Hosp., 293 F.3d

103, 108 (3d Cir. 2002); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000).

## III.   Discussion

Section 1983 of Title 42 of the United States Code offers private citizens a

means to redress violations of federal law committed by state officials.  See

42 U.S.C. § 1983.  The statute provides, in pertinent part, as follows:

> Every person who, under color of any statute, ordinance, regulation,
> custom, or usage, of any State or Territory or the District of Columbia,
> subjects, or causes to be subjected, any citizen of the United States or
> other person within the jurisdiction thereof to the deprivation of any
> rights, privileges, or immunities secured by the Constitution and laws,
> shall be liable to the party injured in an action at law, suit in equity, or
> other proper proceeding for redress . . . .

Id.  Section 1983 is not a source of substantive rights, but merely a method for

vindicating violations of other federal laws.  Gonzaga Univ. v. Doe, 536 U.S. 273,

284-85 (2002); Kneipp v. Tedder, 95 F.3d 1199, 1204 (3d Cir. 1996).  To establish a

claim under this section, the plaintiff must show a deprivation of a "right secured by

the Constitution and the laws of the United States . . . by a person acting under color of state law."[6] Id. (quoting Mark v. Borough of Hatboro, 51 F.3d 1137, 1141 (3d Cir. 1995)).

In the action *sub judice*, Good alleges that defendants violated her Fourteenth Amendment rights to due process and equal protection.[7] Such claims are asserted against defendants in both their official and individual capacities. The court will turn first to a discussion of the official capacity claims.

A.     **Official Capacity Claims**

When a § 1983 claim is asserted against a municipal employee in his or her official capacity, the real party in interest is the municipality itself. See Kentucky v. Graham, 473 U.S. 159, 166 (1985). A municipality may be held liable under § 1983 only if the plaintiff can "identify a municipal 'policy' or 'custom' that caused the plaintiff's injury." Colburn v. Upper Darby Twp., 946 F.2d 1017, 1027 (3d Cir. 1991) (citing Monell v. Dep't of Social Servs., 436 U.S. 658, 694 (1978)). In the instant case, Good has failed to identify any policy, custom or practice of Steelton Borough or Dauphin County that violated her civil rights. Accordingly, Good's official capacity claims must fail, and defendants' motions to dismiss will be granted with respect to

---

[6] In the motions to dismiss, defendants do not argue that they were not "acting under color of state law."

[7] In addressing Good's claims, the court will construe Good's allegations liberally because she is proceeding without the benefit of counsel. See Haines v. Kerner, 404 U.S. 519, 521 (1972); see also Hartmann v. Carroll, No. 04-4550, 2007 WL 1967172, at n.8 (3d Cir. July 9, 2007).

these claims.  However, the court will grant Good leave to file a second amended
complaint identifying a specific borough or county policy that caused her alleged
injury.

**B.   Individual Capacity Claims against County Commissioner
Defendants and Ten Borough Defendants**

A defendant cannot be held individually liable under § 1983 "solely on the
operation of *respondeat superior*."  Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir.
2005).  Instead, for a § 1983 claim to survive a motion to dismiss, a plaintiff must
allege "that each and every defendant was personally involved in depriving him of
his rights."  Kirk v. Roan, No. 04-1990, 2006 WL 2645154, at *3 (M.D. Pa. Sept. 14,
2006); see also Evancho, 423 F.3d at 353 ("A[n individual government] defendant in
a civil rights action must have personal involvement in the alleged wrongdoing.").
A defendant's personal involvement in a constitutional violation may be established
via allegations of "personal direction," "actual knowledge and acquiescence," or
"direct discrimination."  Evancho, 423 F.3d at 353; see also Andrews v. City of
Phila., 895 F.2d 1469, 1478 (3d Cir. 1990).  This court has described the specificity
required of such allegations as follows:

> Such allegations are sufficient to survive a motion to dismiss when they name
> the individuals responsible, the conduct, the time, and the place of the
> incident that deprived a plaintiff of his civil rights.  Conversely, alleging a
> mere hypothesis that an individual defendant had personal knowledge or
> involvement in depriving the plaintiff of his rights in insufficient.
> Accordingly, a § 1983 complaint must be dismissed when it fails to contain
> even a remote suggestion that a supervisory defendant had
> contemporaneous, personal knowledge of the alleged harm and acquiesced in
> it.

Kirk, 2006 WL 2645154, at *3 (quoting Evancho, 423 F.3d at 353 and Rode v.

Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988)) (internal citations omitted).

In the instant case, Good has failed to allege that the County Commissioner

defendants were personally involved in any of the purported constitutional

violations.  Good's only reference to the County Commissioner defendants is that

she twice contacted their office "about the sidewalk issue as it escalated," but they

failed to respond.  (Doc. 6 ¶ 9.)  Good's complaint neither specifies when she

contacted the Commissioners' office nor to whom she spoke.  See Kirk, 2006 WL

2645154, at *3.  Given this lack of specificity, the court finds Good's allegations

insufficient to establish that any of the individually-named County Commissioner

defendants had actual knowledge of the Borough defendants' conduct.

Similarly, Good's complaint fails to reference any personal involvement on

the part of seven of the eleven Borough defendants, namely, Borough Mayor

Thomas F. Acri and Borough Council Members Michael J. Kovach, Stephen J.

Shaver, MaryJo Szada, Jeffrey L. Wright, Michael K. Albert, and Lisa M.

Wiedeman-Krosnar.  Good's complaint makes no factual allegations against these

individuals, but merely identifies the office that each holds within the Borough.

This is patently insufficient to satisfy the personal involvement requirement of

§ 1983.  See Lucarelli v. Norton, No. 07-564, 2007 WL 1799708, at *3 (M.D. Pa. June

20, 2007) (dismissing § 1983 claims against defendants against whom "no factual

allegations" were made and who were referred to in complaint as simply "the

'heads' of their respective offices").

9

Likewise, Good fails to allege that Heefner, Musser, and Stoner were personally involved in the purported constitutional violations.  Good's only allegation against these defendants relates to their conflicting directions to put up and take down caution tape.  (Doc. 6 ¶¶ 5-7.)  Such conflicting directions do not rise to the level of a constitutional violation, see infra Part III.C, and the court finds that Good's constitutional claims are limited to the Borough's efforts to bring her sidewalk into compliance with local ordinances.  Good has failed to allege that Heefner, Musser, and Stoner had "contemporaneous, personal knowledge" of the Borough's decision to enforce its sidewalk ordinance against Good; therefore, Good's constitutional claims against these defendants must fail for lack of personal involvement.  See Kirk, 2006 WL 2645154, at *3.

For the foregoing reasons, the court will dismiss each of Good's claims against the County Commissioner defendants and the ten Borough defendants specified above.  However, the court will grant Good leave to file a second amended complaint alleging sufficient facts to suggest that any of these defendants were personally involved in the purported constitutional violations.

### C.   Individual Capacity Claims against Trish

Good has clearly alleged that Trish was personally involved in the Borough's efforts to bring her property into compliance with local ordinances; therefore, the court must consider the merits of Good's claims against Trish.  The court will turn first to Good's due process claims and will conclude with an evaluation of her equal protection claim.

1.   __Due Process__

The Due Process Clause offers procedural and substantive protections against deprivations of "life, liberty, or property."  U.S. CONST. amend. XIV, § 1; see Pappas v. City of Lebanon, 331 F. Supp. 2d 311, 316 (M.D. Pa. 2004).  The threshold issue of due process analysis is whether a plaintiff has been deprived of one of these protected interests.  Id.  Here, Good alleges that she was deprived of her property, namely the right to maintain her sidewalk in any condition she desires, without due process of law.  Construing Good's allegations liberally, she asserts both procedural and substantive due process claims, which the court will address seriatim.

A.   __Procedural Due Process__

Procedural due process requirements dictate that "a deprivation of a property interest be preceded by notice and opportunity for hearing appropriate to the nature of the case."  Gikas v. Wash. Sch. Dist., 328 F.3d 731, 738 (3d Cir. 2003).  Before a plaintiff may successfully assert a procedural due process claim, the plaintiff must take "advantage of the processes that are available to him or her, unless those processes are unavailable or patently inadequate."  Alvin v. Suzuki, 227 F.3d 107, 116 (3d Cir. 2000).  "If there is a process on the books that appears to provide due process, the plaintiff cannot skip that process and use the federal courts as a means to get back what he wants."  Id. (citing McDaniels v. Flick, 59 F.3d 446, 460 (3d Cir. 1995)); see also Sibio v. Borough of Dunmore, No. 06-0995, 2007 WL 1173769, at *4 (M.D. Pa. Apr. 18, 2007).

11

In the action *sub judice*, Good failed to take advantage of the administrative appeals process of which she was advised in the Borough's July 11, 2006 letter.  (See Doc. 6, Ex. A.)  Good alleges neither that this administrative appeals process was unavailable to her nor that it was patently inadequate.  See Alvin, 227 F.3d at 116. Accordingly, Good's procedural due process claims must fail, and the court will grant Trish's motion to dismiss with respect to this claim.  However, the court will grant Good leave to file a second amended complaint alleging sufficient facts to suggest that the Borough's administrative appeals process was unavailable to her or inadequate to protect her rights.

### B.     Substantive Due Process

Only those property interests that are considered "fundamental" are protected by substantive due process principles.  Savokinas v. Pittston Twp., No. 06-0121, 2006 WL 2382256, at *3 (M.D. Pa. Aug. 16, 2006) (citing Nicholas v. Pa. State Univ., 227 F.3d 133, 140 (3d Cir. 2000)).  The use and enjoyment of property are fundamental interests protected by substantive due process principles.  See Pellegrino Food Prods. Co, Inc. v. City of Warren, 116 F. App'x 346, 347 (3d Cir. 2004); see also Spradlin v. Borough of Danville, No. 02-2237, 2005 WL 3320788, at *8 (M.D. Pa. Dec. 7, 2005).  Accepting Good's allegations as true, as the court must do in the restricted posture of a motion to dismiss, the court finds that the Borough's code enforcement actions interfered with Good's fundamental interest in the use and enjoyment of her property.

However, even when a plaintiff alleges the deprivation of a fundamental property interest, such deprivation is actionable under substantive due process principles only when the conduct at issue is so irrational as to "shock the conscience." <u>United Artists Theatre Circuit, Inc. v. Twp. of Warrington</u>, 316 F.3d 392, 402 (3d Cir. 2003) (citing <u>County of Sacramento v. Lewis</u>, 523 U.S. 833, 844-45 (1998)). Substantive due process does not target government actions that are merely taken for an "improper purpose" or in "bad faith." <u>See</u> <u>United Artists Theatre Circuit, Inc.</u>, 316 F.3d at 400-02; <u>Corneal v. Jackson Twp.</u>, 313 F. Supp. 2d 457, 465-66 (M.D. Pa. 2003), <u>aff'd</u>, 94 F. App'x 76 (3d Cir. 2004). Rather, the doctrine constrains only those activities that have *no reasonable relation* to legitimate government objectives. <u>Id.</u> So long as a valid purpose plausibly underlies the decision, a substantive due process claim will not lie. <u>Id.</u> In the land use context, official conduct "shocks the conscience" only where the conduct is the product of "corruption or self-dealing, bias against an ethnic group, interference with constitutionally-protected activity or a virtual 'taking' of property." <u>Prosperi v. Twp. of Scott</u>, No. 06-501, 2006 WL 2583754, at *4 (W.D. Pa. Sept. 7, 2006) (citing <u>Eichenlaub v. Twp. of Ind.</u>, 385 F.3d 274, 285-86 (3d Cir. 2004)).

In the instant case, Good has not alleged any facts sufficient to establish that Trish's actions involved the type of egregious conduct against which substantive due process principles were intended to guard. Even viewing the allegations in the light most favorable to Good, the court simply cannot conclude that Trish's actions bore *no reasonable relation* to the legitimate government interest in enforcing local

land use ordinances that protect the safety and welfare of the community.  See

Blain v. Twp. of Radnor, No. 02-6684, 2004 WL 1151727, at *6 (E.D. Pa. May 21, 2004)

(discussing a local government's "legitimate interest in land use planning"); see also

Sameric Corp. of Del., Inc. v. City of Phila., 142 F.3d 582, 596 (3d Cir. 1998) (same).

Even assuming that Trish selected Good's property for enforcement of local

ordinances in bad faith would not establish a valid substantive due process claim.

See Corneal, 313 F. Supp. 2d at 466 ("[E]ven allegations of bad faith enforcement of

an invalid zoning ordinance do not, without more, state a substantive due process

claim."); see also Eichenlaub, 358 F.3d at 286 (dismissing substantive due process

claim where zoning officials applied subdivision requirements to plaintiff's property

but not to other properties).  Accordingly, the court will grant Trish's motion to

dismiss Good's substantive due process claim.  However, the court will grant Good

leave to file a second amended complaint alleging that Trish engaged in the types of

egregious conduct protected by substantive due process principles.

### 2.    Equal Protection

Good's equal protection claim is premised on the theory that Trish selectively

applied the Borough's land use ordinances to her property.  Good does not allege

that she is a member of a protected class, but appears to invoke the "class of one"

theory announced by the United States Supreme Court in Village of Willowbrook v.

Olech, 528 U.S. 562 (2000) (per curiam).  Under that theory, a plaintiff may establish

an equal protection violation via proof that he or she was "intentionally treated

differently from others similarly situated" and "that there is no rational basis for the

14

difference in treatment." <u>Olech</u>, 528 U.S. at 564; <u>see also</u> <u>Hill v. Kutztown</u>, 455 F.3d 225, 239 (3d Cir. 2006).

In the instant case, Good's allegations are sufficient to satisfy the first element. She has alleged that Trish intentionally required her to replace her brick sidewalk by September of 2006, while more than one-hundred similarly-situated property owners were not required to do so. (Doc. 6 ¶ 8.) Hence, the dispositive question is whether Good's allegations satisfy the second element, to wit: the rational basis test. Under the rational basis test, "differential treatment does not violate the Equal Protection Clause if there is a rational relationship between the treatment and a legitimate government interest." <u>Montanye v. Wissahickon Sch. Dist.</u>, 399 F. Supp. 2d 615, 622 (E.D. Pa. 2005) (citing <u>Heller v. Doe</u>, 509 U.S. 312, 320 (1993)). The Borough clearly possesses a legitimate government interest in enforcing its sidewalk ordinance, which is designed to protect the safety and welfare of the community by reducing the tripping hazards posed by uneven brick sidewalks. <u>See</u> <u>Blain</u>, 2004 WL 1151727, at *6; <u>see also</u> <u>Sameric Corp.</u>, 142 F.3d at 596. However, the question of whether Trish's decision to selectively enforce the sidewalk ordinance against Good bore a rational relationship to this legitimate government objective is better suited for summary judgment. As our sister court in the Eastern District of Pennsylvania explained in <u>Montanye</u>,

> The rational basis standard . . . cannot defeat the plaintiff's benefit of the broad Rule 12(b)(6) standard. The latter standard is procedural, and simply allows the plaintiff to progress beyond the pleadings and obtain discovery, while the rational basis standard is the substantive burden that the plaintiff will ultimately have to meet to prevail on an equal protection claim.

15

327 F. Supp. 2d at 520 (citing <u>Wroblewski v. City of Washburn</u>, 965 F.2d 452, 460 (7th Cir. 1991)).  To survive a motion for summary judgment, a plaintiff must prove that there exists no set of facts that may reasonably justify the defendant's actions. However, to survive a motion to dismiss, a plaintiff need only allege that the defendant's actions "were not rationally related to a legitimate government purpose and plead sufficient facts to support that contention." <u>Montanye</u>, 327 F. Supp. 2d at 521.  The court finds that Good has met this minimal burden by alleging that Trish selectively enforced the sidewalk ordinance against her without offering any explanation for his decision.  (<u>See</u> Doc. 6 ¶¶ 3-4, 8.)  Accordingly, the court will deny Trish's motion to dismiss Good's equal protection claim.

**IV.**   <u>**Conclusion**</u>

For the foregoing reasons, the court will grant defendants' motions to dismiss (Docs. 12, 14).  An appropriate order will issue.

   S/ Christopher C. Conner  
CHRISTOPHER C. CONNER  
United States District Judge

Dated:        September 13, 2007

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **SANDRA L. GOOD,** | : | **CIVIL ACTION NO. 1:06-CV-1736** |
| | : | |
| **Plaintiff** | : | **(Judge Conner)** |
| | : | |
| **v.** | : | |
| | : | |
| **JOHN TRISH, et al.,** | : | |
| | : | |
| **Defendants** | : | |

**ORDER**

AND NOW, this 13th day of September, 2007, upon consideration of the

motions to dismiss (Docs. 12, 14), and for the reasons set forth in the accompanying

memorandum, it is hereby ORDERED that:

1. The motion to dismiss (Doc. 12) is GRANTED. All claims against
   defendants Jeffrey T. Haste, Dominic DiFrancesco, II, and George P.
   Harwick, III are DISMISSED.

2. The motion to dismiss (Doc. 14) is GRANTED in part as follows:

   a. All claims against defendants Sylvia Stoner, Thomas F. Acri,
      Michael G. Musser, II, Michael J. Kovach, Stephen J. Shaver,
      MaryJo Szada, Jeffrey L. Wright, Michael K. Albert, Lisa M.
      Wiedeman-Krosnar, and Dennis C. Heefner are DISMISSED.

   b. All claims against defendant John Trish in his official capacity
      are DISMISSED.

   c. The procedural and substantive due process claims against
      defendant John Trish in his individual capacity are
      DISMISSED.

3. Plaintiff shall be permitted to file, on or before October 15, 2007, a
   second amended complaint that alleges one or more of the following:

a.     Personal involvement on the part of defendants Jeffrey T. Haste, Dominic DiFrancesco, II, George P. Harwick, III, Sylvia Stoner, Thomas F. Acri, Michael G. Musser, II, Michael J. Kovach, Stephen J. Shaver, MaryJo Szada, Jeffrey L. Wright, Michael K. Albert, Lisa M. Wiedeman-Krosnar, and/or Dennis C. Heefner;

b.     The existence of a specific borough or county policy that caused Good's alleged constitutional injuries;

c.     Sufficient facts to suggest that the Steelton Borough's administrative appeals process was unavailable to Good or inadequate to protect her rights to procedural due process; and/or

d.     Sufficient facts to suggest that Trish engaged in the types of egregious conduct protected by substantive due process principles. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).

4.     In the absence of a timely filed second amended complaint, the above-captioned case will be closed.


   S/ Christopher C. Conner   
CHRISTOPHER C. CONNER
United States District Judge