IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **SANDRA L. GOOD**, | : | CIVIL ACTION NO. 1:06-CV-1736 |
| | : | |
| Plaintiff | : | (Judge Conner) |
| | : | |
| v. | : | |
| | : | |
| **JOHN TRISH**, et al., | : | |
| | : | |
| **Defendants** | : | |

## ORDER

AND NOW, this 9th day of April, 2008, upon consideration of *pro se* plaintiff's motion to compel (Doc. 46),[1] asking the court to compel the return photographs that were "illegally-taken" by defendant John Trish and to correct certain records maintained by defendant Borough of Steelton, and it appearing that plaintiff's motion alleges that defendant John Trish engaged in tortious or criminal activity, and the court finding that these allegations arise under Pennsylvania law and do not share a "common nucleus of operative facts" with plaintiff's underlying federal claims which relate solely to the Borough of Steelton's efforts to bring plaintiff's sidewalk into compliance with local ordinances, Lyon v. Whisman, 45 F.3d 758, 759-60 (3d Cir. 1995) (quoting United Mine Workers v. Gibbs, 383 U.S. 715, 725 (1966)), and it further appearing that plaintiff's remaining allegations do not appear on the

---

[1] While the motion is styled as a motion to compel, it does not involve discovery matters and is properly considered a motion for injunction.

face of her second amended complaint in the above-captioned action,[2] it is hereby

ORDERED that:

1. The court declines to exercise supplemental jurisdiction over plaintiff's claims that defendant John Trish engaged in tortious or criminal activity. See 28 U.S.C. § 1367.

2. The motion to compel (Doc. 46) is CONSTRUED as a motion for injunction and is DENIED without prejudice to plaintiff's right to seek leave to supplement or amend her complaint.

      S/ Christopher C. Conner
      CHRISTOPHER C. CONNER
      United States District Judge

---

[2] Plaintiff is advised that her future filings in the above-captioned action should be limited to the issues asserted in her second amended complaint. (See Doc. 35.) Should plaintiff wish to address additional issues, she must first file a motion seeking leave of court to file a third amended complaint or to supplement her second amended complaint. See FED. R. CIV. P. 15(a), (d).