UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


SANDRA L. GOOD,                    :    **CIVIL NO. 1:06-CV-1736**
                                   :
            Plaintiff              :    (Judge Conner)
                                   :
       v.                          :    (Magistrate Judge Smyser)
                                   :
BOROUGH OF STEELTON, DENNIS        :
C. HEEFNER, SYLVIA STONER          :
and JOHN TRISH,                    :
                                   :
            Defendants             :


## REPORT AND RECOMMENDATION


By Order of September 30, 2008, the court dismissed all claims against defendants the Borough of Steelton, Dennis C. Heefner, Sylvia Stoner and John Trish.  The Order denied the motion of the plaintiff for leave of court to supplement the second amended complaint.  The Order permitted a third amended complaint that alleges one or more of the following:

> a. Personal involvement on the part of defendants Heefner and Stoner;
>
> b. Sufficient facts to suggest that Trish engaged in conduct that rendered the Borough appeals procedure unavailable or patently inadequate. (Citation omitted).

The Third Amended Complaint names two defendants, defendants Stoner and Trish, both identified by the plaintiff as Borough of Steelton Codes Enforcement Officers[1].  The Third Amended Complaint claims violations of the plaintiff's First, Fifth and Fourteenth Amendment rights.  It alleges deprivation of the plaintiff's substantive due process rights and of her right to equal protection of the law.  It alleges that the defendants denied procedural due process by "direct blocking and obstructing actions" that blocked and obstructed the plaintiff's procedural avenue(s) to challenge the Borough's directive to her to replace her sidewalk.  It alleges that the plaintiff "has been held to different standards and different time lines than those of her neighbors with regard to local statutes and ordinances which are vague and over broad" and that the plaintiff was "deprived of actual Notice of the ordinances to which she was later compelled."

---

1.  The defendants' brief states that defendant Stoner is the Borough Codes/Zoning/Planning Officer and that defendant Trish is the Borough Property Maintenance Official.  The brief does not address defendant Heefner's title, as he is not named as a defendant in the Third Amended Complaint.

The Third Amended Complaint alleges that the plaintiff's Fourth Amendment rights were violated in that her "residences, both owned and rented, were entered without notice and her personal effects rifled . . .", and acknowledges that this is a new allegation.  It also alleges a retaliatory prosecution brought against the plaintiff in violation of her First Amendment rights.

The Third Amended Complaint alleges as to defendant Stoner that, after defendant Trish had informed the plaintiff that her sidewalk was in disrepair and must be repaired within thirty (30) days and of her right to challenge that requirement within ten (10) days, when the plaintiff began to inquire into what the Borough of Steelton expected of her as to the repair of her brick sidewalk,

> [t]he phone was answered by Sylvia Stoner, a
> codes enforcement officer personally known to the
> Plaintiff, who has on many occasions appeared on
> Plaintiffs property, made decisions about the
> property, taken action on the maintenance of the
> property, sent personnel out to venture on to
> Plaintiffs property without notice or warning,
> and introduced herself and her attending
> personnel as being codes enforcement personnel.
> Stoner informed Good that she had been "with the
> Borough for seven years." Stoner refused to

3

answer Plaintiff's call about the expectations for her sidewalk and the possible need to appeal within ten days.  When Plaintiff pressed Stoner, Stoner replied that she would have John Trish return Plaintiff's call, and that she would be sure he answered timely enough for Plaintiff to file her appeal if that should be necessary.

A few days later, Plaintiff had not received a call-back from Trish, and once again called the number listed on their letter for the enforcement personnel of the Borough of Steelton, no other contact information having been provided or, apparently, existing. Once again, the phone was answered by Sylvia Stoner, known to be a codes enforcement officer, familiar with all things having to do with codes enforcement, and an employee of the Borough for years longer than John Trish. The conversation was almost identical to the first, with Stoner refusing to deal with Plaintiffs questions, or to look at the correspondence, or to confer with superiors about what to do, or to look at the offending sidewalk. (This sidewalk is less than three blocks away from the Borough Building in Steelton.) Although the hour was very, very late at this point, Stoner still affirmed that Plaintiff would be hearing from her working associate, John Trish, in time to file an appeal if necessary.

By the time Good received contact from John Trish, the appeal period had lapsed. Trish then explained that by referencing repair he actually meant "replacement" of the entire brick sidewalk in order to comply with a previously unannounced ordinance forbidding residential brick sidewalks. Trish assured Good that" everybody who has brick sidewalks in Steelton is going to have to do this." He cited "your neighbors across the street" as being typical of "residential

4

homeowners" who were happily replacing their
brick sidewalks on account of the ordinance.

The duplex property across from Good's house had
replaced sidewalks as of this August conversation
with Trish, and this was the property he
referenced as being typically residential and
maintained by their homeowners.  However, these
properties are income properties and the repair
was conducted at a reported cost of $22,000 by
the landlord and not the residents.  Furthermore,
the replaced sidewalks were not brick.  Good was
unable to raise $22,000 on 30 or 60 or even 90
days notice, and now did not even have appeal
rights to protest the injustice.

In a last-ditch attempt to avoid litigation, Good
wrote to Mayor Hartwick about her intentions to
file suit, and also talked to Sylvia Stoner about
the same issues of unfair treatment, at which
time Sylvia said "you do what ever you have to do
with your complaints, and I will be there with my
paperwork," explaining that "we can do what ever
we want to about sidewalks and things like that,"
as if sidewalks and not fairness were there
issue. Good took Sylvia's remarks to be the end
of any possible administrative remedy. The codes
enforcement officer did not, for example, say
"let's take a second look at the situation".
Plaintiff then filed this suit in Federal Court.

(Doc. 66, pp. 4-7).

The basis for the court's permission to the plaintiff

to file a Third Amended Complaint was to afford her an

opportunity to plead facts as to defendants Stoner, Heefner and

Trish that would, if proven, establish personal involvement. Liability under 42 U.S.C. § 1983 may only be based upon a defendant's personal involvement in conduct amounting to a constitutional violation. *Hampton v. Holmesburg Prison Officials*, 546 F.2d 1077, 1082 (3d Cir. 1976). The complaint must contain averments of the involvement of the defendant in the conduct which caused a violation of the plaintiff's constitutional rights. *Rode v. Dellarciprete,* 845 F.2d 1195, 1209 (3d Cir. 1988).

The Memorandum of September 30, 2008 (Doc. 61) discusses the Rule 12(b)(6) standard, procedural due process and personal involvement in depth, and those legal principles will not be discussed herein.

The Third Amended Complaint does allege facts which, when for Rule 12 purposes the complaint is construed in the light most favorable to the plaintiff, support a reasonable inference of personal involvement on the part of defendant

Stoner[2] in conduct that can be construed to have interfered
with the plaintiff's right to procedural due process.
Defendant Stoner, as a Borough Codes, Zoning and Planning
Officer, assured the plaintiff on more than one occasion that
the plaintiff would be hearing from John Trish in response to
the plaintiff's questions and concerns about her sidewalk and
her request to be informed of what the Borough was requiring of
her.  But the plaintiff did not hear from John Trish.  As a
result, the plaintiff did not file a timely appeal and
allegedly lost her opportunity to challenge the Borough's
action.  Also, she was not informed that what was being
required of her was to replace her brick sidewalk with a poured
concrete sidewalk, a measure that she did not consider to be
the import of the message "Sidewalk in disrepair."  The
allegations as to defendant Stoner's personal involvement in
the Third Amended Complaint are more indicative of personal
involvement on her part than were the allegations in the Second
Amended Complaint.  *See* Order of September 30, 2008, Document
61, page 11.  In the Third Amended Complaint, the conduct on

---

2.  The defendants' brief notes that defendant Stoner's last name is now Zell.
We continue to refer to this defendant as defendant Stoner.  A party may move
for an order changing the caption.

the part of defendant Stoner is not comparable to that of a

desk clerk answering the Code Enforcement Office telephone.

She is identified as a Code Enforcement Officer who is

described as knowledgeable and experienced and who, according

to the Third Amended Complaint, refused to deal with questions

from the plaintiff concerning her sidewalk problems and her

procedural rights.

The defendant asserts that the new allegations of

defendant Stoner's status as a Borough Codes, Planning and

Zoning Officer and the fact of her long experience and the

circumstance involved in her interactions with the plaintiff,

in combination with the earlier allegations of wrongly

informing the plaintiff that her calls would be returned, do

not give rise to a materially different inference as to her

personal involvement.  However, these facts do give rise to a

materially different inference.  The additional facts about

defendant Stoner's position and about her role may fairly be

seen to support a reasonable inference that she was aware of

the plaintiff's interests and concerns about the sidewalk

decision(s), was aware of the plaintiff's intent to use

available Borough processes to challenge a directive to her to

make costly changes and had some role along with defendant

Trish in making decisions affecting the interests, concerns and

appeal opportunities of the plaintiff as to her sidewalk.

Accordingly, it will be recommended that the motion to

dismiss the amended complaint as to defendant Stoner be denied.

The next question to be addressed is whether the Third

Amended Complaint alleges facts supporting an inference of

personal involvement on the part of defendant Trish in a denial

of procedural due process to the plaintiff.

As the court has decided in the September 30, 2008

Memorandum and Order, the Steelton Borough Code provides

procedural due process.  The claims of the plaintiff against

defendants Trish and Stoner are that they acted so as to cause

the procedural due process under the Code to be unavailable to

the plaintiff in a matter having a substantial impact upon her

property rights.  Her contention is that she was required to

replace her brick sidewalk with a poured concrete sidewalk

9

without an opportunity to have notice and a hearing on the
issue whether this requirement was lawful.  She had not
received notice in the violation notice issued by defendant
Trish that a sidewalk replacement was to be required.  She was
given notice that the Borough considered her brick sidewalk to
be in disrepair.  A reasonable property owner could consider it
to be an adequate resolution to repair and retain a brick
sidewalk, a matter of perhaps no more than removing, leveling
and replacing a number of bricks.  Defendant Trish is alleged
to have given inadequate notice and to then have failed to
return calls from the plaintiff to ascertain what was required
of her.

     The combination of circumstances and occurrences
alleged by the plaintiff in the Third Amended Complaint gives
rise to a reasonable inference that defendants Stoner and Trish
engaged in conduct that rendered the Borough appeals procedure
unavailable or inadequate.  Notwithstanding the existence of a
procedure that on its face affords due process, a public
official's conduct blocking or obstructing a person's efforts
to pursue her procedural rights may deny procedural due

process.  In *Alvin v. Suzuki,* 227 F.3d 107 (3d Cir. 2000), a teacher's belief that a faculty grievance procedure was inadequate was held not to support an inference that it was futile to use the procedure or an inference that a meaningful procedure was unavailable.  Essential elements of procedural due process include notice and an opportunity to be heard. *Matthews v. Eldridge,* 424 U.S. 319, 348 (1975).  The plaintiff's case involves a combination of an alleged inadequate notice and of the lack of an opportunity to be heard that resulted from inadequate notice coupled with inaccessible public officials.  Her claim upon examination is not unsubstantial.  Her claim is that a lack of adequate notice of her violation effectively caused a grievance process not to be available to her because she was not informed of the Borough's actual expectation.  The plaintiff alleges that she was notified in writing by defendant Trish that her brick sidewalk was in disrepair.  She did not know what steps were expected of her.  She attempted to contact defendant Trish in the Borough's Code Enforcement Office to get further information and clarification.  She spoke to defendant Stoner, who told her

that defendant Trish would return her call in time to permit
her to appeal if she remained inclined to pursue an appeal.

She did not receive a call from defendant Trish.  She
called again.  Defendant Stoner again told her that defendant
Trish would call her, but he did not.  The appeal time expired.
Then, after the expiration, defendant Trish contacted her and
told her that the sidewalk would need to be replaced with a
poured concrete sidewalk under the terms of a new ordinance.
These facts, assuming their truth, support an inference of
personal involvement on the part of defendant Trish in conduct
that can reasonably be seen to have rendered the Borough's
appeals procedure unavailable to the plaintiff, given the
plaintiff's uncertainty about what was being required of her
and her inability to get further information.

In their brief (Doc. 64), the defendants make a number
of factual assertions about what the defendants, Stoner and
Trish, did or did not do after Trish issued a Notice of
Violation to the plaintiff addressing her sidewalk's
composition and its condition, referring to exhibits filed with

the defendants' motion (Doc. 63) to dismiss the Third Amended
Complaint.  They characterize the plaintiff's complaint as
concerning an alleged failure on defendant Trish's part to
promptly return the phone call of the plaintiff.  But the
plaintiff's pleading alleges that her telephone calls were not
returned at all, and were not returned in time for her to
pursue a timely appeal.  There appear to be material issues of
fact relevant to the plaintiff's procedural due process claims,
which would appropriately be addressed on summary judgment or
at trial rather than in the context of a Rule 12(b)(6) motion
addressing the question whether the Third Amended Complaint
states a claim upon which relief can be granted.  It will be
recommended that the plaintiff's procedural due process claims
against defendants Stoner and Trish not be dismissed.

        The plaintiff was not permitted by the September 30,
2008 Order to bring new claims.

        It will be recommended that the claim of the plaintiff
in the Third Amended Complaint that her First Amendment right
to access to the courts was violated by defendant Stoner, who

is alleged to have retaliated against the plaintiff for

pursuing this civil action by initiating and pursuing Borough

trash ordinances enforcement proceedings against the plaintiff,

be dismissed for the reason that it is a claim that is not

permitted by the Order of September 30, 2008, because there has

been no motion for leave to amend to include such a claim, and

because such a motion if brought would not have merit because

the complaint has already been amended three times.


        It will be recommended that Fourth Amendment claims

stated by the plaintiff in the Third Amended Complaint be

dismissed based upon the holding set forth in the Order of

September 30, 2008 (Doc. 61), which denied leave to the

plaintiff to supplement the second amended complaint.  It

permitted the plaintiff to allege personal involvement on the

part of Heefner and Stoner and facts relating to the Borough's

appeals process and conduct of defendant Trish related to that

process.


        It will be recommended that the court note in its Order

that the Third Amended Complaint does not state a claim against

Dennis Heefner.  The plaintiff's brief appears to assume that
Heefner is a party, but he is not named as a party in the Third
Amended Complaint.

The plaintiff has filed a motion for the appointment of
counsel.  (Doc. 79, filed February 19, 2009).  A motion for the
appointment of counsel was denied by Order of December 12,
2008.  (Doc. 74).  This motion is based upon a diagnosis of
metastatic liver carcinoma in the plaintiff.  The plaintiff
argues that she will be affected in her ability to proceed *pro
se* in this case.

28 U.S.C. § 1915(e)(1) provides that the court may
request an attorney to represent an indigent litigant in a
civil case.  However, 28 U.S.C. § 1915 does not authorize the
district court to require an unwilling attorney to represent an
indigent litigant in a civil case.  *Mallard v. U.S. District
Court*, 490 U.S. 296, 310 (1989).

The United States Court of Appeals for the Third
Circuit has developed a number of factors the court should

15

consider when deciding whether to ask an attorney if he or she
will accept the responsibility of representing a *pro se*
plaintiff.  *See Tabron v. Grace*, 6 F.3d 147 (3d Cir. 1993).
The threshold inquiry is whether the plaintiff's case has some
arguable merit in fact and law.  *Montgomery v. Pinchak,* 294
F.3d 492, 498-99 (3d Cir. 2002).  If a plaintiff overcomes this
threshold hurdle, the court should consider other factors
including 1) the plaintiff's ability to present his or her case
considering the plaintiff's education, literacy, experience,
ability to understand English and the restraints placed on the
plaintiff by incarceration; 3) the complexity of the legal
issues involved; 4) the degree to which factual investigation
is required and the plaintiff's ability to pursue such
investigation; and 5) the degree to which the case turns on
credibility determinations or expert testimony.  *Tabron, supra*,
6 F.3d at 155-56.

     In the United States District Court for the Middle
District of Pennsylvania, the need for a list of attorneys
available for appointment to represent plaintiffs in
potentially meritorious cases has been addressed in Local Rule

16

83.34.   The Middle District Federal Bar Association has
assembled a panel of attorneys who may accept appointments at
the request of the court in these cases.

        The plaintiff's health condition is a relevant factor.
The plaintiff may be less able to present the merits of her
case as her health may prevent her from doing so.   However, the
plaintiff has not presented a basis in view of all of the
*Tabron* factors for a request to the Middle District Federal Bar
Association coordinator to determine whether an attorney is
willing to enter an appearance on behalf of the plaintiff in
this case.   It will be recommended that the plaintiff's second
motion for the appointment of counsel be denied.

        Accordingly, for the foregoing reasons, it is
recommended that the motion to dismiss the Third Amended
Complaint be granted in part and denied in part.   It is
recommended that the Third Amended Complaint be dismissed as to
the plaintiff's First Amendment, Fourth Amendment and Fifth
Amendment claims.   It is recommended that the motion to dismiss
be denied as to the 42 U.S.C. 1983 against defendants Stoner

and Trish that they violated the procedural due process rights

of the plaintiff by conduct that rendered the Borough appeals

procedure unavailable or patently inadequate.  It is

recommended that the plaintiff's motion for the appointment of

counsel be denied and that the case be remanded to this

magistrate judge.


                                        _/s/ J. Andrew Smyser_
                                        J. Andrew Smyser
                                        Magistrate Judge


Dated:  March 11, 2009.

18