# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **SANDRA L. GOOD**, | : | CIVIL ACTION NO. 1:06-CV-1736 |
| | : | |
| **Plaintiff** | : | (Judge Conner) |
| | : | |
| v. | : | |
| | : | |
| **DENNIS C. HEEFNER, SYLVIA STONER, and JOHN TRISH**, | : | |
| | : | |
| **Defendants** | : | |

## **ORDER**

AND NOW, this 17th day of April, 2009, upon consideration of the report (Doc. 81) of the magistrate judge, to which no objections were filed, recommending that (1) defendants' motion (Doc. 63) to dismiss *pro se* plaintiff's third amended complaint (Doc. 66) be granted in part and denied in part, such that (a) plaintiff's First, Fourth, and Fifth Amendment claims be dismissed, (b) defendant Dennis Heefner ("Heefner") be dismissed as a party to the suit, and (c) plaintiff's procedural due process claims against Sylvia Stoner ("Stoner") and John Trish ("Trish") be permitted to proceed, and (2) that plaintiff's second motion (Doc. 79) for the appointment of counsel be denied, and, following an independent review of the record, it appearing that plaintiff's First Amendment claim concerns an alleged constitutional violation distinct and later in time from that underlying her original

complaint,[1] that plaintiff's Fourth Amendment claim was previously considered and dismissed by the order of court dated September 30, 2008, (see Doc. 61 at 26-28), and that plaintiff's Fifth Amendment claim is not cognizable,[2] and it further appearing that plaintiff's third amended complaint fails to allege that Heefner was personally involved in the alleged constitutional violation, but that plaintiff has sufficiently alleged that Stoner and Trish were personally involved in the deprivation of her right to procedural due process, (see Doc. 66 ¶¶ 8-13); see also Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005) (explaining that an individual government defendant "in a civil rights action must have personal involvement in the alleged wrongdoing" and that "liability cannot be predicated solely on the operation of *respondeat superior*"), and the court determining that plaintiff

---

[1] The third amended complaint alleges that "[o]n November 1, 2007, [d]efendant Sylvia Stoner, in an apparent retaliatory fit of selective prosecution towards [plaintiff], took [plaintiff] before a local Magistrate on a matter of trash removal." (Doc. 66 ¶ 24; see also id. ¶ 6.) The court has previously ruled that plaintiff's "constitutional claims are limited to the Borough's efforts to bring her sidewalk into compliance with local ordinances"—efforts that transpired in August 2006. (Doc. 61 at 10.) Plaintiff was not permitted by the order of court dated September 30, 2008 to amend her complaint to include a claim for retaliation and this claim will accordingly be dismissed. (See id.); see also Robinson v. Shannon, No. Civ. 3:CV-04-2777, 2005 WL 2416116, at *2 (M.D. Pa. Sept. 30, 2005) (refusing leave to amend when plaintiff attempted to add new claims unconnected to those raised in the original complaint).

[2] "The limitations of the fifth amendment restrict only federal governmental action and not the action of private entities." Nguyen v. United States Catholic Conference, 719 F.2d 52, 54 (3d Cir. 1983). Thus, "the rights provided by the Fifth Amendment do not apply to the actions of state officials." Myers v. County of Somerset, 515 F. Supp. 2d 492, 504 (D.N.J. 2007). Plaintiff has not filed suit against any federal officials. Therefore, her Fifth Amendment claim is improper.

possesses the competency to present the merits of her case, that resolution of plaintiff's claims under 42 U.S.C. § 1983 does not implicate complex legal or factual issues, and that prosecution of plaintiff's claim will not require significant factual investigation or the testimony of experts,[3] see Tabron v. Grace, 6 F.3d 147, 155-56 (3d Cir. 1993) (describing factors the court must consider in order to resolve *pro se* plaintiff's motion for appointment of counsel under 28 U.S.C. § 1915(d)), it is hereby ORDERED that:

1. The report and recommendation (Doc. 81) of the magistrate judge is ADOPTED.

2. Defendants' motion (Doc. 63) to dismiss is GRANTED in part and DENIED in part as follows:

    a. The motion is GRANTED with respect to plaintiff's First, Fourth, and Fifth Amendment claims. In addition, the motion is GRANTED with respect to all claims against defendant Dennis C. Heefner. Leave to amend is denied as futile. Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).

    b. The motion is DENIED with respect to plaintiff's procedural due process claims against defendants Sylvia Stoner and John Trish.

3. Plaintiff's motion (Doc. 79) to appoint counsel is DENIED. Should further proceedings demonstrate the need for appointed counsel, the issue may be reconsidered either *sua sponte* or upon a motion by plaintiff. See Tabron, 6 F.3d at 156-57.

---

[3] Plaintiff was recently diagnosed with metastatic liver carcinoma, (see Docs 79, 80), and although this is certainly a relevant factor in the court's Tabron analysis, plaintiff appears capable of sufficiently litigating this matter and participating in the discovery process. The scope of evidence required to prove plaintiff's claim is not extensive and it appears from the parties' various submissions that significant fact investigation is already well underway. Therefore, the court finds that the instant matter is one that plaintiff is capable of litigating.

4.  The above-captioned matter is REMANDED to the magistrate judge for further proceedings.

                                                              S/ Christopher C. Conner
                                                          CHRISTOPHER C. CONNER
                                                          United States District Judge